**Weishun ZHOU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72891.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 28, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suit-

Weishun Zhou, Monterey Park, CA, pro se.

Jisheng Li, Esq., Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

CAC–District Counsel, Esq. Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Donald A. Couvillon, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, WARDLAW and TALLMAN, Circuit Judges.

## MEMORANDUM **

Weishun Zhou, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from the Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252.

As a preliminary matter, we conclude that Zhou sufficiently challenged the adverse credibility finding in his brief before the BIA. *See Zhang v. Ashcroft,* 388 F.3d 713, 721 (9th Cir.2004). Because the claim was exhausted before the agency, we have jurisdiction to review it. *See id.*

We review for substantial evidence an adverse credibility finding and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003). We grant the petition for review.

---

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

We conclude that the IJ's decision is not supported by substantial evidence in the record because the IJ did not cite to any specific examples in support of his findings that Zhou was evasive and unresponsive to questioning. *See Singh v. Ashcroft,* 301 F.3d 1109, 1113–14 (9th Cir. 2002) (absent any specific evidence in the record, a general statement regarding petitioner's unresponsiveness is an insufficient basis for an adverse credibility finding).

The majority of the inconsistencies the IJ cited in the decision do not form an adequate basis for the adverse credibility finding because they are of minor import and do not go to the heart of Zhou's claim. *See id.* at 1112. The remaining inconsistencies the IJ identified are not borne out in the record.

Finally, the IJ's conclusion that it was implausible that Zhou was able to direct his son to hide a videotape during the course of his arrest is speculation and cannot support the IJ's finding. *See Lopez–Umanzor v. Gonzales,* 405 F.3d 1049, 1054–1055 (9th Cir.2005).

Accordingly, we grant the petition for review and remand to the BIA to determine whether, accepting petitioner's testimony as credible, he is eligible for asylum and withholding of removal. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**